IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER J. BARNETT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SETH PFAFF, et al.,**<br><br>**Defendants.** | **Case No. 25-CV-414-RAW** |

**ORDER**

This matter is before the court on Plaintiff Christopher Barnett's ("Barnett") Motion for Screening (Dkt. 5), Motion for Appointment of Counsel (Dkt. 6), Motion for Injunctive Relief (Dkt. 7), Motion for Joinder of Parties (Dkt. 8) and Motion to Reconsider (Dkt. 10). The court addresses each motion below.

**I. Motion for Screening (Dkt. 5)**

On December 8, 2025, Barnett filed a "Motion for Emergency Screening by the Court." Dkt. 5. Barnett sought "emergency screening by this honorable court to determine if plaintiff may proceed in forma pauperis." *Id.* at 1. The court has reviewed and denied Barnett's motion for leave to proceed *in forma pauperis*. Dkt. 9. Therefore, this motion is denied as moot.

**II. Motion for Appointment of Counsel (Dkt. 6)**

Next, Barnett requests appointment of counsel to aid in the prosecution of his case. Dkt. 6 at 1. Barnett contends counsel can help him with discovery, and he believes the purported retaliation he is enduring will cease if he is appointed counsel. *See* Dkt. 6. An indigent prisoner has no constitutional right to counsel in a civil action. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary

assistance of counsel, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Id.* (internal quotation marks omitted).

Having considered these factors in relation to Barnett's action, the court finds that appointment of counsel is not warranted. Barnett has articulated his claims in a clear and concise manner and the factual and legal issues do not appear unusually complex or novel. *See Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (affirming denial of motion for appointment of counsel where indigent prisoner "adequately presented the factual and legal basis of his claim and demonstrated that he understood the basics of his . . . claim"); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (noting indigent prisoner appeared "capable of presenting his case intelligently and coherently," and stating, "[w]hile we do not quarrel with [the prisoner's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case"). Further, the court takes judicial notice of Barnett's past litigation and is confident, at the appropriate time, Barnett can adequately engage in the discovery process and prosecute his claims.[1] For these reasons, Barnett's Motion for Appointment of Counsel is denied.

## III. Motion for Injunctive Relief (Dkt. 7)

Barnett also filed a Motion for Injunctive Relief requesting "an order from this court ordering DOC and its employees to stop beating me[.]" Dkt. 7 at 1. Barnett is no longer

[1] The court may take judicial notice of matters of public record. *See Tal v. Hogan*, 453 F. 3d 1244, 1264 n. 24 (10th Cir. 2006).

incarcerated at Allen Gamble Correctional Center.[2] The Tenth Circuit has held that an inmate's transfer from one prison generally renders moot any request for injunctive relief against the employees of the prior prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997); *Stephens v. Jones*, 494 F. App'x 906, 910 (10th Cir. 2012) (unpublished) (finding prisoner's motion for preliminary injunction was "undoubtedly mooted by his transfer" to a different facility, where the motion pertained to deprivations at previous facility); *see also Love v. Summit Cnty.*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison rendered plaintiff's § 1983 claim for injunctive relief moot).

Second, to obtain an injunction, Barnett must demonstrate: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009)). Barnett's motion can be interpreted as arguing he will suffer irreparable harm if the injunction is not granted. *See* Dkt. 7. However, he does not address the remaining factors. *See id.* Therefore, Barnett has failed to carry his burden, and he is not entitled to injunctive relief. For these reasons, Barnett's Motion for Injunctive Relief is denied.

## IV. Motion for Joinder of Parties (Dkt. 8)

Barnett also requests his case be joined with Matthew Shore's case, Case No. 25-CV-413-RAW. Dkt. 8 at 1. Barnett represents, "joining the cases together would benefit the court, save time and resources and would not harm the defendants." *Id.* Generally, Federal Rule of Civil

[2] The court takes judicial notice that the Oklahoma Department of Corrections lists Barnett's current location as Dick Conner Correctional Center and, therefore, directs the Court to update his address accordingly. *Tal*, 453 F.3d at 1264 n.24.

Procedure 20(a) allows multiple plaintiffs to join together when: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)-(2). However, the court has discretion to disallow joinder when it is infeasible or prejudicial. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (holding that Federal Rule of Civil Procedure 20 "is permissive; whether to allow such joinder is left to the discretion of the trial judge"); *Pinson v. Whetsel*, No. CIV-061372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) (holding that "the Court can disallow joinder when it would be infeasible or prejudicial").

When the action involves multiple plaintiffs who are prisoners, joinder is complicated by the Prison Litigation Reform Act ("PLRA"). The PLRA requires each plaintiff to pay the entire filing fee even if each would qualify for pauperis status. 28 U.S.C. § 1915(b)(1); *see also Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (noting that the PLRA requires a separate filing fee for each prisoner and prevents prisoners from joining claims under Federal Rule of Civil Procedure 20). Here, Defendant Shore has paid the entire filing fee but, to date, Barnett has not paid his filing fee. Further, in order to litigate together, each plaintiff must sign every document they jointly file. Fed. R. Civ. P. 11(a). And any motion that one files separately must be served on the other plaintiff. Fed. R. Civ. P. 5(a). "Notably, prison movements and regulations could, at any time, restrict interpersonal communication between [p]laintiffs." *Dill v. Thomas,* Case No. CIV-23-875-D, 2023 WL 8115921, at * 2 (W.D. Okla. Oct. 31, 2023). "Any change in the current housing of [Barnett and Shore] would render communication between them impossible, preventing [them] from efficiently and effectively conferring with one another, reviewing proposed pleadings, and ultimately impeding their abilities to meet the court's deadlines." *Id.* As noted, Barnett has

already changed facilities since initiating this litigation. Given the practical realities of pursuing joint litigation, the court finds that joinder is infeasible. Barnett's Motion for Joinder is denied.

## V. Motion to Reconsider (Dkt. 10)

Finally, Barnett asks this court to reconsider its order denying him leave to proceed *in forma pauperis*. Dkt. 10; *see also* Dkt. 9. The court previously found Barnett previously accrued three strikes and could not proceed *in forma pauperis* unless he met the imminent danger exception. *See* Dkt. 9. The court concluded Barnett's allegations did not satisfy the imminent danger exception. *See id.* at 2-3.

Now, Barnett re-urges his request to proceed *in forma pauperis* status pursuant to the imminent danger exception. Dkt. 10. He represents, "I am on the kick out list and I am being returned to general population." *Id.* at 1. He states, "they are sending me back to general population to be attacked again," and an attack "will happen." *Id.* at 2. He "reminds the court that [he is] on the most dangerous prison yard in the state." *Id.* The court finds these representations to be speculative and conclusory. *Custard v. Allred*, Case No. 13-CV-2296-BNB, 2013 WL 6283962, at *3 (D. Colo. Dec. 4, 2013) (unpublished) ("Past incidents, or a prisoner's concern about what might happen in the future do not satisfy § 1915(g)."). Further, as noted, Barnett is no longer incarcerated at Allen Gamble Correctional Center. This further undermines his assertion that he is in imminent danger. For these reasons, Barnett's Motion to Reconsider is denied. Barnett shall pay the full $405 filing and administrative fees on or before February 9, 2026, as previously ordered. Dkt. 12.

**IT IS THEREFORE ORDERED** that Barnett's Motion for Screening (Dkt. 5) is **denied as moot**.

**IT IS FUTHER ORDERED** that Barnett's Motion for Appointment of Counsel (Dkt. 6),

Motion for Injunction (Dkt. 7), Motion for Joinder of Parties (Dkt. 8) and Motion to Reconsider (Dkt. 10) are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update Barnett's address as follows: Christopher J. Barnett, ODOC # 857048, Dick Conner Correctional Center, 129 Conner Road, Hominy, OK 74035.[3]

**DATED** this 21st day of January, 2026.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

[3] Barnett is advised of his obligation, pursuant to LCvR 5.6(a), to advise the court of any change of address.